UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE CARDOZA, | ) | 1:11-cv-01386-GSA-PC |
| Plaintiff, | ) ) | ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE |
| vs. | ) ) | COMPLAINT ONCE AS A MATTER OF COURSE |
| M. TANN, et al., | ) ) | (Doc. 16 resolved) |
| Defendants. | ) ) | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |
| | ) ) ) | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

Lawrence Cardoza ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 17, 2011. (Doc. 1.) On October 5, 2012, Plaintiff filed a motion for leave to file an amended complaint. (Doc. 16.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because plaintiff has not amended the complaint, and no responsive pleading has been served in this action, plaintiff has leave to file an amended complaint as a matter of course.

1

1       Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after August 17, 2011. In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on August 17, 2011.

      Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

      Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is informed that he has leave to amend the complaint once as a matter of course;
2. This order resolves plaintiff's motion to amend the complaint, filed on October 5, 2012;
3. Within thirty (30) days from the date of service of this order, plaintiff shall file a First Amended Complaint using the court's form;
4. The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to case number 1:11-cv-01386-GSA-PC , and be an original signed under penalty of perjury;

2

5.     The Clerk of the Court shall send one civil rights complaint form to plaintiff; and

6.     Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **October 9, 2012**            /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE