UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PEPE CARDOZA,<br><br>      Plaintiff,<br><br>vs.<br><br>M. TANN, Associate Warden, *et al.*,<br><br>        Defendants. | Case No. 1:11-cv-01386-RRB<br><br><br>**ORDER REGARDING**<br>**MOTION AT DOCKET 22** |

At Docket 22 Plaintiff Lawrence Pepe Cardoza, a state prisoner appearing *pro se* and *in forma pauperis*, filed a Motion for Reconsideration of this Court's Screening Order to the extent it declined to order service on Associate Warden M. Tann.

Under the law of the case doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same or a higher court in the same case.[1] However, the law of the case doctrine is not a shackle without a key. As long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[2] That inherent power, however, is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling

---

[1]     *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

[2]     *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[3]

In support of his motion, Cardoza points to that portion of the First Amended Complaint identifying the defendants wherein he alleges that Associate Warden M. Tann "was present when incident occurred." In the body of his First Amended Complaint, however, while identifying what each of the other named defendants and delineating their participation with respect to his claims, Cardoza fails to allege that Associate Warden Tann's was involved, or the nature of his involvement. While it is true that the complaints of *pro se* prisoners are to be liberally construed, that certainly does not encompass situations, such as here, where both the Court and the defendant would have to necessarily guess at what acts are alleged to be support liability.

In support of his motion, Cardoza attaches a copy of the Rules Violation Report in which it is clear that Associate Warden Tann was not only present at the time Cardoza was forcibly extracted from his cell, but was there to provide authorization for the use of force and overall supervision of the cell extraction process. In light of this new information, Tann's involvement was sufficient to support a claim against him.[4]

---

[3]     *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[4]     *See Starr v. Baca*, 652 F.3d 12302, 1207 (9th Cir. 2011).

Accordingly, based on the foregoing, the Court hereby **ORDERS** as follows:

1.      To the extent it dismissed the action as against Associate Warden M. Tann, the Screening Order at **Docket 21** is hereby **VACATED**.

2.      Defendant Associate Warden M. Tann must answer the Third Cause of Action.

3.      The Clerk of the Court must send Plaintiff a service packet including the Complaint, this Order, a Notice of Submission of Documents form, an instruction sheet, and copy of the summons and USM-285 form for Defendant M. Tann.

4.      On or before **December 31, 2013**, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

5.      Plaintiff must not attempt service on Defendant and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

6.      **If Plaintiff fails to return the Notice of Submission of Documents and the required documents by December 31, 2013, or such other date as the Court may**

**order, the Clerk of Court must, without further notice, enter a judgment of dismissal**

**of this action as against Defendant M. Tann without prejudice.**[5]

      **IT IS SO ORDERED** this 20th day of November, 2013.

                                               S/ RALPH R. BEISTLINE
                                             UNITED STATES DISTRICT JUDGE

---

[5] *See* Fed. R. Civ. P. 41(b).

ORDER REGARDING MOTION AT DOCKET 22
*Cardoza v. Tann*, 1:11-cv-01386-RRB – 4