UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PEPE CARDOZA,<br><br>  Plaintiff,<br><br>vs.<br><br>M. TANN, *et al.*,<br><br>  Defendants. | Case No. 1:11-cv-01386-RRB<br><br>**ORDER DENYING<br>MOTION AT DOCKET 47** |

At **Docket 47** Plaintiff Lawrence Pepe Cardoza, appearing *pro se*, filed a Motion for Appointment of Counsel. The record in this case indicates that on January 30, 2014, at the request of Cardoza, the Court appointed Lori Rifkin as *pro bono* counsel with the consent of counsel.[1] Subsequently, on June 26, 2014, at the request of Cardoza, with the concurrence of counsel, the Court terminated that appointment.[2]

The availability of *pro bono* counsel to represent indigent prisoners is limited. In this case, the Court appointed counsel; however, Cardoza was dissatisfied with appointed counsel. Cardoza's primary complaints were: (1) an allegation counsel was disclosing confidential attorney-client information to others; and (2) not withstanding that counsel was appointed *pro bono*, she requested Cardoza agree to a contingency fee agreement.

---

[1]  Docket 29.

[2]  Docket 43.

ORDER DENYING MOTION AT DOCKET 47
*Cardoza v. Tann*, 1:11-cv-01386-RRB – 1

Attached to Cardoza's motion is a letter from counsel to Cardoza dated April 21, 2014. In that letter counsel noted: (1) the preceding Friday Cardoza refused to meet with her; (2) counsel had engaged in telephone conversations with the attorney for CDCR; (3) advising Cardoza that it made sense to send a demand letter after determining the appropriate amount; and (4) a request to clarify a 30% contingency fee agreement in the event that there was a lump sum offer instead of an offer that did not separate attorney's fees from damages.[3]

The record in this case indicates that Cardoza does not understand the role and function of counsel. Furthermore, Cardoza does not understand the limitations on either the authority of the Court to compel appointed counsel to provide legal services without compensation or Cardoza's right to the assistance of counsel in order to effectively litigate his claims.

Nothing in the documents submitted to this Court in support of Cardoza's motions indicates that counsel disclosed any confidential attorney-client information. The fact that counsel discussed possible settlement negotiations with opposing counsel or interviewed other inmates concerning the facts underlying Cardoza's case is not only *not* indicative of a violation of the attorney-client privilege, but it is wholly within the scope of the duties and functions of counsel. Contrary to what Cardoza (and apparently his mother) may believe, no person is entitled to legal representation without payment, except to the extent that counsel is willing to provide those services. It is not only not uncommon for counsel who

---

[3] Docket 47, p. 169 (first page), p.156 (second page).

ORDER DENYING MOTION AT DOCKET 47
*Cardoza v. Tann*, 1:11-cv-01386-RRB – 2

initially agrees to appear on a *pro bono* basis to recover his or her attorney's fees from the defendants upon the successful conclusion of the case, in the experience of this Court seldom, if ever, does that occur. In this case, all counsel requested was an agreement to receive a percentage of the settlement recovery in the event that the case was settled without trial. In the event that the case should go to trial and result in a judgment favorable to Cardoza, counsel would have been entitled to recover attorney fees in addition to the damages awarded, the fact the representation was on a *pro bono* basis notwithstanding.[4] In this case, counsel requested nothing more than an agreement to recover fees in the event that the case settled without an allocation between fees and damages.

While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and the Court itself, the Constitutional right of access to the courts does not include the right to litigate those claims effectively once filed with the court.[5] Here, the Court appointed counsel whose assistance Cardoza not only found to be unsatisfactory, but with whom Cardoza unequivocally refused to cooperate. Ms. Rifkin was clearly qualified and capable of providing adequate legal representation. It also appears that counsel was working toward a result that would have been beneficial to Cardoza. Cardoza has not identified any counsel who might be agreeable to representing him. Indeed, given

---

[4] *See* 42 U.S.C. § 1997e(d).

[5] *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999).

Cardoza's history with prior counsel, it is highly unlikely that any attorney would be agreeable to represent him.

The fact that Cardoza finds himself once again appearing *pro se* is the product of his own choice. The bottom line is that this Court lacks authority to compel any attorney to provide Cardoza with legal representation under the terms and conditions that he appears to expect.

Accordingly, the Motion to Appoint Counsel at **Docket 47** is **DENIED**.

**IT IS SO ORDERED** this 28th day of July, 2014.

S/ RALPH R. BEISTLINE<br>
UNITED STATES DISTRICT JUDGE