UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PEPE CARDOZA,<br><br>　　Plaintiff,<br><br>vs.<br><br>M. TANN, *et al.*,<br><br>　　Defendants. | Case No. 1:11-cv-01386-RRB<br><br>**ORDER GRANTING<br>MOTION AT DOCKET 60** |

I.　**PENDING MOTION**

At **Docket 60** Defendants T. Mackey and A. Wycoff have moved to dismiss the Seventh and Eighth Claims for Relief in the Second Amended Complaint for failure to state facts sufficient to support granting relief. Plaintiff Lawrence Pepe Cardoza, appearing through counsel, has opposed the motion,[1] and Defendants have replied.[2] The Court has determined that oral argument would not materially assist in the resolution of the issues presented. Accordingly, the matter is submitted for decision on the moving and opposing papers without oral argument.

---

[1] Docket 70.  The Second Amended Complaint was filed by prior counsel who later withdrew with the consent of Cardoza.  At the time the pending motion was filed, Cardoza was appear *pro se*.  Subsequently, new counsel appeared on behalf of Cardoza and filed the opposition to the motion.

[2] Docket 71.

ORDER GRANTING MOTION AT DOCKET 60
*Cardoza v. Tann*, 1:11-cv-01386-RRB – 1

**II.    ISSUES PRESENTED**

Defendants raise two issues:

1.    The Seventh Claim for Relief, which seeks relief under the Americans with Disabilities Act, is not cognizable against Defendants in their individual capacities, and

2.    The Eighth Claim for Relief, a common-law assault and battery claim, is not cognizable in this Court because Plaintiff has not complied with the California Tort Claims Act.

**III.    STANDARD OF REVIEW**

Defendants brought their motion under Rule 12(b)(6).[3] A motion brought under Rule 12(b)(6) must be brought before pleading, if a further pleading is permitted. Because it was filed after Defendants answered, it is actually a motion for judgment on the pleadings under Rule 12(c), and will be treated as such.[4]

The standard for granting a motion for judgment on the pleadings is essentially identical to a Rule 12(b) motion.  (1) All material allegations in a complaint must be taken as true and viewed in the light most favorable to the pleader.  (2) A complaint should not be dismissed without leave to amend for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would support

---

[3]  Unless otherwise indicated, the Reference to a "rule" is a reference to a Federal Rule of Civil Procedure.

[4]  Fed. R. Civ. P. 12(c); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

the granting of relief.  (3) A motion for judgment on the pleadings should be granted only where it appears the moving party is entitled to judgment as a matter of law.[5]

## IV.    DISCUSSION

### A.    *Seventh Claim for Relief*

Plaintiff's Seventh Claim for Relief, brought against all Defendants, is predicated upon an alleged violation of 42 U.S.C. § 12132, which provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefit of services, programs, or activities of a public entity, or be subjected to discrimination by such entity.

Except for Defendants Warden Sherman and Associate Warden Tann, all Defendants were sued solely in their individual capacities.  Defendants argue that § 12132, which is part of Title II of the ADA, applies solely to state officials acting in their official, not their individual, capacities.  The Court agrees.

The Ninth Circuit, by which this Court is bound,[6] has made clear that "plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."[7] Thus, Plaintiff may not proceed against Defendants acting solely in their individual

---

[5] *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003).

[6] See *Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003) (en banc).

[7] *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); see *Okwu v. McKim*, 682 F.3d 841, 844–45 (9th Cir. 2012) (discussing in depth *Vinson* and the differences between Title I and Title II of the ADA with respect to actions taken in official and individual capacities).

capacities. In enacting Title II Congress has, however, abrogated a state's Eleventh Amendment immunity.[8] Consequently, Plaintiff may proceed against Defendants Sherman and Tann acting in their official capacities on the Seventh Claim for Relief.

Plaintiff requests that, in the event the Court grants Defendants' motion he be granted leave to amend the complaint. The Court declines to grant such leave. First, the Scheduling and Planning Order provided that motions to amend the pleadings were due not later than November 21, 2014, and that further amendment after that date would only be permitted for good cause shown.[9] Plaintiff has failed to show any cause for the failure to sue the Defendants, other than Sherman and Tann, in their official capacities.

Second, there is no need to amend the Complaint to the extent it seeks to add the State of California. The Supreme Court has held that "a suit against a state official in his or her official capacity . . . . is no different from a suit against the state itself."[10] Adding the State as a party defendant would be mere surplusage.

---

[8] *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004); *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001); *Okwu*, 682 F.3d 845.

[9] Docket 59.

[10] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that an official capacity claim is simply "'another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Svcs. of N.Y. City*, 436 U.S. 658, 690 n.55 (1978)); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual defendants are nominal defendants").

**B.** *Eighth Claim for Relief*

Plaintiff, conceding that he has not complied with the requirements of the California Tort Claims Act, does not oppose dismissal of the Eighth Claim for Relief. Accordingly, it will be dismissed as to all Defendants.[11]

**V. ORDER**

Accordingly, based on the forgoing, it is hereby **ORDERED** as follows:

1. The Seventh Claim for Relief is hereby **DISMISSED** as against all Defendants *except* Defendants T. Sherman and M. Tann; and

2. The Eighth Claim for Relief is hereby **DISMISSED** in its entirety as against all Defendants.

**IT IS SO ORDERED** this 17th day of March, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[11] For some inexplicable reason, although counsel represents all Defendants, the motion before the Court was brought solely on behalf of Defendants Mackey and Wykoff. The Court may, however, grant the motion as to the other Defendants *sua sponte* in situations, such as this, where it is obvious that the moving party would not prevail. *See, e.g., Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 311–12 (9th Cir. 1982).