UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PEPE CARDOZA,<br><br>  Plaintiff,<br><br>vs.<br><br>M. TANN, *et al.*,<br><br>  Defendants. | Case No. 1:11-cv-01386-RRB<br><br>**ORDER TO SHOW CAUSE**<br>**Re: MOTION AT DOCKET 92** |

**I.   MOTION**

At **Docket 92** Defendants T. Byers, M. Codd, R. Cummings, R. Hopkins, T. Mackey, S. Martinez, and J. Oldan filed a Motion to Compel Responses to Discovery Requests.[1] Defendants served various requests for discovery (interrogatories and requests for production) on counsel for Plaintiff on March 4 and March 17, 2014.[2] Although the time within which to respond has lapsed, no response has been filed with the Court. In their motion, Defendants request the Court enter an order either: (1) compelling a response to the discovery requests; or, (2) alternatively, dismissal of the case as against them. Defendants further request an award of attorney's fees in connection with the bringing of the motion.[3]

---

[1] Fed. R. Civ. P. 37.

[2] Fed. R. Civ. P. 33 (Interrogatories); 34 (Requests for Production).

[3] Fed. R. Civ. P. 37(d)(3)

## II.     PERMISSIBLE SANCTIONS/STANDARDS

As relevant to the pending motion the Court may impose as sanctions for the failure to respond to discovery requests an order: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or . . .."[4]

> A court must consider the following five factors before striking a pleading or declaring default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.[5]

## III.    DISCUSSION

Upon due consideration the Court has determined that weighing of the five factors to this case dictates that it impose a less drastic sanction than dismissing the case. While the first two factors may tend to favor dismissal, the last three factors clearly weigh in the Defendant's favor. Public policy always favors a disposition on the merits rather than on procedural grounds. Here, the Court may fashion a less drastic sanction, i.e., the limitation

---

[4] Fed R. Civ. P. 37(b)(2)(A).

[5] *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012)

ORDER TO SHOW CAUSE
*Cardoza v. Tann*, 1:11-cv-01386-RRB – 2

on the introduction of evidence, that minimizes, if not eliminates, any prejudice to the Defendants.

The responses to interrogatories must be executed under oath.[6] Cardoza's First Amended Complaint was executed under penalty of perjury.[7] Thus, to the extent it provides the factual basis for Cardoza's claims it is essentially the functional equivalent of a response to interrogatories. The Court further notes that most, if not all, of the documents relevant to Plaintiff's claims are within the custody, possession, or control of the California Department of Corrections and Rehabilitation, as accessible to the Defendants as to the Plaintiff. As the Ninth Circuit has observed: "The purpose of discovery is to provide a mechanism for making relevant information available to the litigants . . . Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues . . .."[8] By limiting Plaintiff to the introduction of evidence supporting the factual basis for his claim, as those facts are expressly recited in the First Amended Complaint, and the introduction of documents in the possession, custody, and control of Defendants, the spirit, if not the letter, of the discovery rules is satisfied.

Defendants' request for attorney's fees will be denied. As Defendants correctly note, the Scheduling and Planning Order entered by the Court dispensed with the "meet and

---

[6] Fed. R. Civ. P. 33(b)(3).

[7] Docket 18. The Court notes that the initial Complaint filed at Docket 1 was unsigned.

[8] *Burlington N. & Santa Fe Ry. Co. v. U. S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1148–49 (9th Cir. 2005) (internal quotation marks and citations omitted).

confer" requirement of Federal Rules of Civil Procedure 26 and 37.[9] At the time the Scheduling and Planning Order was entered Plaintiff was appearing *pro se*. Subsequently, Plaintiff retained current counsel. Although technically the Scheduling and Planning Order was not superceded by the appearance of counsel, common courtesy and sense dictate that in situations, such as here, counsel makes a later appearance, prior to seeking an order compelling discovery a good faith effort be made to obtain voluntary compliance. The totality of the circumstances in this matter renders the award of sanctions in the form of attorney's fees unjust.[10]  Therefore, the Court declines to award attorney's fees to Defendants.[11]

## IV.    ORDER

Accordingly, on or before **August 10, 2015**, Plaintiff must show good cause why at trial as against Defendants T. Byers, M. Codd, R. Cummings, R. Hopkins, T. Mackey, S. Martinez, and J. Oldan he should not be limited to the introduction of: (1) facts except to the extent those facts are specifically alleged in his First Amended Complaint (Docket 18); (2) any exhibits, except to the extent that those exhibits are within the possession, custody of control of the Defendants;[12] and (3) testimony of any witnesses, other than himself and

---

[9] Docket 59.

[10] Fed. R. Civ. P. 37(a)(5)(A)(iii).

[11] In making this determination, this Court hastens to make clear that it does not approve of, nor condone, the apparent "stonewall" tactics employed by counsel for the Plaintiff in failing to respond to Defendant's discovery requests. On the other hand, the Court is giving due weight and consideration to the nature of the action, brought by a prisoner, and that his counsel is providing representation on a *pro bono* basis.

[12] As defined in the Scheduling and Planning Order.  Docket 59.

the Defendants, except to the extent those witnesses may be necessary to authenticate documents in the possession, custody, or control of the Defendants.

In the event that Plaintiff does not show such good cause, the immediately preceding paragraph becomes the order of the Court binding on Plaintiff at trial.

The request for attorney's fees is hereby **DENIED**.

The Clerk of the Court is directed to serve a copy of this Order on both Plaintiff's counsel and Plaintiff at his last known address.

**IT IS SO ORDERED** this 17th day of July, 2015

                                 S/ RALPH R. BEISTLINE
                                 UNITED STATES DISTRICT JUDGE