UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PEPE CARDOZA,

      Plaintiff,

vs.

M. TANN, *et al.*,

      Defendants.

Case No. 1:11-cv-01386-RRB

**<u>ORDER</u>**

Pending before the Court are two motions for summary judgment. The motion of Defendants P. Paz, F. Carreon, and R. Pinkham.[1] Plaintiff has opposed the motion[2] and Defendants have replied.[3] Defendants T. Byers, M. Codd, R. Cummings, R. Hopkins, T. Mackey, S. Martinez, and J. Oldan have also moved for summary judgment.[4] Plaintiff has also opposed that motion,[5] and Defendants have replied.[6]

Cardoza's Second Amended Complaint arises out of a cell extraction that occurred on June 9, 2010. One of the issues raised in both summary judgment motions is that Cardoza has not exhausted his administrative remedies. Exhaustion of administrative

---

[1] Docket 108

[2] Docket 120.

[3] Docket 122.

[4] Docket 109.

[5] Docket 119.

[6] Docket 121.

remedies prior to bringing suit is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process.[7] Although not jurisdictional, exhaustion is nonetheless mandatory, and there is no discretion to excuse it.[8] "Exhaustion should be decided, if feasible, early in the proceedings before reaching the merits of a prisoner's claim."[9] This will usually be by a motion for summary judgment.[10]

A defendant has the initial burden to prove "that a grievance procedure existed, and the prisoner did not exhaust that available remedy."[11] Once a defendant has met this burden, the burden shifts to the plaintiff to demonstrate that the grievance procedure was inadequate, ineffective, unobtainable, unduly prolonged, inadequate, or futile.[12] The Court takes judicial notice of the fact that a grievance procedure exists in California.[13] What is

---

[7]  42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[8]  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[9]  *Albino*, 747 F3d at 1170.  The Ninth Circuit also noted that "if discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving to later—if it becomes necessary—discovery directed to the merits of the suit."  *Id.*

[10]  *Id.* at 1166, 1168–69 (overruling in part *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

[11]  *Id.* at 1172.

[12]  *Id.*

[13]  Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review."). Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of
(continued...)

unclear at this juncture is whether Cardoza either exhausted his administrative remedies or was precluded from exhausting those remedies by circumstances beyond his control.

In interrogatories propounded to Cardoza Defendants P. Paz, F. Carreon, and R. Pinkham requested that Cardoza:  (1) state all the facts that support his contention that he had exhausted his administrative remedies prior to filing his lawsuit; and (2) identify the documents that support his contention that he had exhausted his administrative remedies.[14] In his responses Cardoza simply stated:

> ANSWER TO SPECIAL INTERROGATORY NO. 17
> To the best of Plaintiff' knowledge, the Plaintiff exercised all administrative remedies before filing this action.
> ANSWER TO SPECIAL INTERROGATORY NO. 18
> At this time Plaintiff is unable to identify these exact documents.[15]

In Requests for Admissions propounded to Cardoza Defendants M. Codd, R. Cummings, R. Hopkins, T. Mackey, S. Martinez, J. Oldan, and T. Byers requested that Cardoza admit that he had failed to exhaust his administrative remedies as against them.[16] In his untimely response Cardoza simply stated:

---

[13](...continued)
Corrections and Rehabilitation, or by a designated representative. *See Brown v. Valoff*, 422 F.3d 926, 929–30 (9th Cir. 2005).

[14]   Docket 108-4, p. 8 (Interrogatories 17 and 18 propounded by Carreon); 108-4, p. 16 (Interrogatories 17 and 18 propounded by Paz); and 108-4, p. 24 (Interrogatories 17 and 18 propounded by Pinkham).

[15]   Docket 108-4, p. 30 (response to Interrogatories propounded by Carreon); 108-4, p. 35 (response to Interrogatories propounded by Paz); and Docker 108-4, p. 40 (response to Interrogatories propounded by Pinkham).

[16]   Docket 110-10, p. 4 (Request for Admission 4 propounded by M. Codd, R. Cummings, R. Hopkins, T. Mackey, S. Martinez, and J. Oldan; Request for Admission 7 propounded by T. Byers, A. Wycoff, and M. Cortez).

ANSWER TO REQUEST FOR ADMISSION NO. 4
        Plaintiff does not admit to this request.  To the best of his knowledge
he has exhausted his administrative remedies against.
                                    *   *   *   *
ANSWER TO REQUEST FOR ADMISSION NO.7
        Plaintiff does not admit to this request.  To the best of his knowledge
he has exhausted his administrative remedies against.[17]
        At Docket 124 Cardoza has requested the Court take judicial notice of certain

documents evidencing that he has in fact exhausted his administrative remedies.[18] Codd,

Cummings, Hopkins, Mackey, Martinez, Oldan, and Byers have opposed the request as

being untimely and constituting an improper sur-reply.[19] While the Court agrees that the

request at Docket 124 may very well be untimely and constitute an improper sur-reply, the

Court is not inclined to strike or disregard it.

        The documents submitted by Cardoza on their face tend to eviscerate his allegation

that he properly exhausted his administrative remedies. His Staff Complaint, SATF-10-

2528, was rejected on March 18, 2011, at the Third Level for failure to include a supporting

document, i.e., a CDCR Form 1858, Rights and Responsibilities.[20] Cardoza's Appeal,

SATF-Z-10-2730, which determined that a violation of CDCR policy occurred, refers to an

Internal Affairs Investigation into an incident that occurred on July 15, 2010;[21] thus, it does

not appear on its face to be relevant to the issue of the incident that occurred on June 9,

---

[17]  Docket 110-10, pp. 7–8.

[18]  The documents themselves are found at Dockets 125 and 126.

[19]  Docket 128.

[20]  Docket 126, p. 6.

[21]  Docket 127, p. 6.

2010. Furthermore, because none of those documents of which the Court is requested to take judicial notice identify by name any of the remaining Defendants, even if the Court takes judicial notice of them they do not establish that Cardoza properly exhausted his administrative remedies with respect to each of the Defendants, or any of them.[22]

The Court also notes that the very allegations of the Second Amended Complaint tend to undercut Cardoza's claim that he exhausted his administrative remedies with respect to the cell extraction underlying his claims. In it Cardoza refers to a Rules Violation Report proceeding as result of which he was adjudged guilty of obstructing a peace officer and assessed a loss of yard time, which he contends was based upon falsified evidence.[23] Cardoza also refers to a 602 grievance and citizens' complaint regarding the falsified investigative report.[24] Nowhere is there any allegation in the Second Amended Complaint concerning a CDCR 602 referring to the cell extraction process itself.

Cardoza has also alleged that on June 22, 2010, he submitted a CDCR 602 Staff Complaint that was returned to him by the third-level, resubmitted and lost by prison authorities.[25] Accepting that allegation as true as the Court must, Cardoza may very well

---

[22] The Court does note, however, that one of the documents submitted by Cardoza indicates that correctional officers have lost the copies Cardoza had. Docket 127, p. 3 (a CDCR 602 dated May 16, 2011, directed to the loss of legal mail and documents).

[23] Docket 36, ¶¶ 3, 56–62, 66.

[24] *Id.*, ¶ 63.

[25] Declaration, Docket 125.  While it is unclear whether this is the same CDCR 602 referred to in the Complaint, the present state of the record, which only refers to one CDCR 602, suggests that it is.

have been precluded from properly exhausting his administrative remedies.[26] Even so, as noted above the documentation in the record before the Court precludes a determination as to which Defendants, if any, Cardoza has properly exhausted his administrative remedies. Thus, while the current state of the record is insufficient to support the granting of summary judgment in favor of Defendants on the issue of exhaustion, there is sufficient evidence to strongly suggest that Cardoza may not have properly exhausted his administrative remedies as against some, if not all, of the Defendants.

Accordingly, on or before **November 9, 2015**, Defendants must serve and file certified copies of the CDCR 602 file in SATF-10-2528.[27] Failure to comply with this Order will result in denial of summary judgment in favor of Defendants on the exhaustion issue.

**IT IS SO ORDERED** this 19th day of October, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[26] *See, e.g., Williams v. Paramo*, 775 F.3d 1182, 1191–92 (9th Cir. 2014).

[27] Compliance with this Order by any one of the Defendants will be deemed compliance as to all.

ORDER
*Cardoza v. Tann*, 1:11-cv-01386-RRB – 6