UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PEPE CARDOZA,<br><br>    Plaintiff,<br><br>vs.<br><br>M. TANN, *et al.*,<br><br>    Defendants. | Case No. 1:11-cv-01386-RRB<br><br>**ORDER REGARDING MOTIONS AT**<br>**DOCKETS 111, 112, 113, 114, 115, and 117** |

**I.   PENDING MOTIONS**

Pending before the Court are six motions *in limine*.  Five filed by Defendants P. Paz, F. Carreon, and R. Pinkham,[1] and one by Defendants T. Byers, M. Codd, R. Cummings, R. Hopkins, T. Mackey, S. Martinez, and J. Oldan.[2]  The pending motions are summarized below.

Docket 111.   Seeks to exclude all evidence of diagnosis, treatment, or charges incurred for medical care not disclosed during discovery or as required by Federal Rule of Civil Procedure 26(a)(1).

Docket 112.   Seeks to exclude any evidence of dismissed claims that include reference to either inadequate decontamination or failure to provide medical care.

---

[1]  Dockets 111 through 115, inclusive.

[2]  Docket 117

ORDER RE:  MOTIONS AT DOCKETS 111–115, 117
*Cardoza v. Tann*, 1:11-cv-01386-RRB – 1

<u>Docket 113</u>.  Seeks to exclude any evidence supporting an award of punitive damages.

<u>Docket 114</u>.  Seeks to exclude all evidence, including documents and witnesses, neither disclosed nor identified during the course of the litigation.

<u>Docket 115</u>.  Requests that a signed verification of discovery responses by Plaintiff dated July 15, 2015, applies to all written discovery responses provided by Plaintiff.

<u>Docket 117</u>.  Seeks to: (1) bar any testimony by Plaintiff; (2) alternatively, limit Plaintiff's testimony to the facts set forth in the declaration attached to the First Amended Complaint; (3) exclude the testimony of witnesses and any documents not disclosed during discovery; (4) excluding any evidence, argument, or reference to settlement discussions; (5) excluding all witnesses from the courtroom during trial; (6) excluding any evidence of indemnification of Defendants by the California Department of Corrections and Rehabilitation; and (7) exclude any evidence of Defendants' net worth.

## II.  BACKGROUND

This case was initiated more than four years ago by Cardoza appearing *pro se*.  Since it has followed a somewhat tortuous route. During that period Cardoza has alternately appeared *pro se* and been represented by counsel.  Since December 10, 2014, Cardoza has been represented by his current counsel. This case is currently before the Court on the Second Amended Complaint filed on Cardoza's behalf by prior counsel.[3]

---

[3]  Docket 36.

To facilitate settlement negotiations the Court amended the Scheduling and Planning Order extending the date for completion of discovery through June 30, 2015, filing of preliminary statements, witness lists, and discovery motions through July 17, 2015, and motions in limine through August 3, 2015.[4]

The record before the Court reflects that Plaintiff has responded to Special Interrogatories propounded by Defendants Paz, Carreon, and Pinkham. Plaintiff has, however, failed to appear for his depositions or to respond to interrogatories propounded by Defendants Byers, Codd, Cummings, Hopkins, Mackey, Martinez, and Oldan.

The Court has previously limited the introduction of evidence with respect to Defendants Byers, Codd, Cummings, Hopkins, Mackey, Martinez, and Oldan.

> Accordingly, as against Defendants T. Byers, M. Codd, R. Cummings, R. Hopkins, T. Mackey, S. Martinez, and J. Oldan, Plaintiff is hereby limited to the introduction of: (1) facts except to the extent those facts are specifically alleged in his First Amended Complaint (Docket 18); (2) any exhibits, except to the extent that those exhibits are within the possession, custody of control of the Defendants; and (3) testimony of any witnesses, other than himself and the Defendants, except to the extent those witnesses may be necessary to authenticate documents in the possession, custody, or control of the Defendants.[5]

### III.   DISCUSSION

As relevant to the pending motions the Court may impose as sanctions for the failure to respond to discovery requests an order: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing

---

[4] Dockets 84, 86.

[5] Docket 129 (footnote omitted).

party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or . . ..["6"]

> A court must consider the following five factors before striking a pleading or declaring default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.[7]

Upon due consideration the Court has determined that weighing the five factors in this case dictates that, with respect to the failures to respond to discovery requests, it impose a less drastic sanction than dismissing the case. While the first two factors may tend to favor dismissal, the last three factors clearly weigh in favor of imposing a less drastic sanction. Public policy always favors a disposition on the merits rather than on procedural grounds. Here, the Court may fashion a less drastic sanction, i.e., the limitation on the introduction of evidence, that minimizes, if not eliminates, any prejudice to the Defendants.

In general relevant evidence is admissible while irrelevant evidence is not.[8] "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

---

[6] Fed R. Civ. P. 37(b)(2)(A).

[7] *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012)

[8] Fed. R. Evid. 402.

be without the evidence."[9]  Thus, unless otherwise admissible, evidence related to the claims that have been dismissed or otherwise abandoned will be excluded.

Punitive damages may be awarded in a § 1983 case where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless of callous indifference to the federally protected rights of [the plaintiff]."[10] It not only appears that Cardoza has withdrawn his claim for punitive damages, but the facts to the extent they have been disclosed during discovery clearly would not support an award of punitive damages in any event. Consequently, any argument that might infer or imply that Cardoza is entitled to anything more than his actual damages would be improper. Likewise, inasmuch as it would only be relevant to the question of punitive damages, any evidence of the Defendants' net worth would also be inadmissible.

With respect to the signing of responses to discovery requests, under the facts and circumstances as evidenced by the record before the court, it is evident that deeming the signature affixed to the response to one set of discovery requests to all is in the interests of both judicial efficiency and justice.

---

[9] Fed. R. Evid. 401.

[10] *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Dang v. Cross*, 422 F.3d 800, 806–07 (9th Cir. 2005).

It is the standard practice of this Court to exclude non-party witnesses from the courtroom except when testifying.[11] Evidence of settlement negotiations or indemnification by CDCR is also inadmissible.[12]

## IV. ORDER

Applying the foregoing standards to the pending motions:

1. <u>Motion at Docket 111</u>.  **GRANTED**. All evidence of diagnosis, treatment, or charges incurred for medical care not disclosed during discovery or as required by Federal Rule of Civil Procedure 26(a)(1) will be excluded at trial.

2. <u>Motion at Docket 112</u>.  **GRANTED**. Except to the extent it may otherwise be relevant to an issue properly before the court, all evidence of dismissed claims that include reference to either inadequate decontamination or failure to provide medical care will be excluded at trial.

3. <u>Motion at Docket 113</u>.  **GRANTED**.  Plaintiff may not directly or indirectly refer to or otherwise imply that the conduct of the Defendants was willful, deliberate, malicious, egregious, motivated by evil motive or intent, or involved reckless or callous indifference to the federally protected rights of Plaintiff.

4. <u>Motion at Docket 114</u>.  **GRANTED** as follows:  As against Defendants P. Paz, F. Carreon, and R. Pinkham, Plaintiff is hereby limited to the introduction of:  (1) facts except

---

[11] *See* Fed. R. Evid. 615.

[12] Fed. R. Evid. 408 (settlement negotiations); *Larez v. Holcomb*, 16 F.3d 1513, 1518-20 (9th Cir. 1994) (indemnification in a § 1983 action).

to the extent those facts are specifically alleged in his First Amended Complaint (Docket 18); (2) any exhibits, except to the extent that those exhibits are within the possession, custody of control of the Defendants;[13] and (3) testimony of any witnesses, other than himself and the Defendants, except to the extent those witnesses may be necessary to authenticate documents in the possession, custody, or control of the Defendants.

5.   Motion at Docket 115.   **GRANTED**. The signed verification of discovery responses by Plaintiff dated July 15, 2015, applies to all written discovery responses provided by Plaintiff.

6.   Motion at Docket 117.  **GRANTED** as follows: The Court reaffirms its Order at Docket 129.  In addition the Court will exclude: (1) any evidence, argument, or reference to settlement discussions except to the extent permitted under Federal Rule of Evidence 408(b); (2) all witnesses from the courtroom during trial; (3) any evidence of indemnification of Defendants by the California Department of Corrections and Rehabilitation; and (4) any evidence of Defendants' net worth.

Provided, however, that any evidence otherwise excluded by this Order may be introduced to the extent that it is otherwise relevant to an issue properly before the court and not inadmissible under Federal Rule of Evidence 403.

**IT IS SO ORDERED** this 22nd day of October, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[13] As defined in the Scheduling and Planning Order.  Docket 59.

ORDER RE:  MOTIONS AT DOCKETS 111–115, 117
*Cardoza v. Tann*, 1:11-cv-01386-RRB – 7